## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Denise M. Stout,<br><br>                              Plaintiff,<br>       v.<br><br>Aurora Loan Service and Lehman Brothers Bank,<br><br>                              Defendants. | **Civ. Action No.** |

**A.     Jurisdiction and Venue**

1.   Jurisdiction over this matter is conferred upon this Court by the Truth in Lending Act (hereinafter "TILA"), 15 U.S.C. §1640(e), and 28 U.S.C. §§ 1331.

2.   Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.     Parties**

3.   Plaintiff is a natural individual who owns and occupies a permanent residence at 23 Belmont Avenue, Quakertown, PA (hereinafter "the property").

4.   Defendant Lehman Brothers Bank, FSB (hereinafter "Lehman") is a Corporation engaged in the business of originating and servicing consumer mortgage loans with principal offices at 327 Inverness Drive South, Englewood, CO 80112.

5.   Defendant, Aurora Loan Service (hereinafter "Aurora"), is assignee of plaintiffs' disputed mortgage loan with principal offices also located at 327 Inverness Drive South, Englewood, CO 80112.

6.   Defendants are creditors within the meaning of the Truth in Lending Act.

C.   **Factual Allegations**

7. Plaintiffs entered into a mortgage refinancing loan on their residence on or about December 18, 2006.

8. Pursuant to 40 P.S. §741, Stewart Title is authorized to issue title insurance in the Commonwealth of Pennsylvania pursuant to the Title Insurance Rating Bureau of Pennsylvania (TIRBOP) and issued title insurance on plaintiff's loan.

9. Stewart Title's agent for closing of the loan, Renaissance Settlements, LLC (hereinafter "Renaissance"), is also regulated by the aforesaid statute. TIRBOP publishes a regulations manual setting forth the purpose and amount of fees that one of its member companies is permitted to charge in connection with issuance of a title policy.

10. Renaissance violated the TIRBOP manual by charging plaintiff fees in excess of those permitted which, at a minimum, such excessive fees included an excessive upcharge on the title premium because plaintiffs were denied the TIRBOP refinance rate which is 70% of the base rate for refinancing loans within two (2) years of the insured loan transaction.

11. In addition to the aforesaid overcharge, other loan fees were improperly inflated such as improperly added processing fee and document preparation fees already included in the premium charge and excessive closing fee and notary fee beyond the state regulated fee in 2006 for such notarization was $5.00 per document, as set by the Secretary of State pursuant to 57 P.S. § § 147-168.3.

12. On or about April 11, 2008, plaintiff advised defendants by letter that she was rescinding the loan.

13. Defendants have denied plaintiff's rescission request within the statutory period (see Ex. "A").

14. On or about February 29, 2008, defendant Aurora , filed an action in foreclosure against plaintiff in Bucks County Court arising from the disputed mortgage loan described herein.

**D.     Cause of Action**

14.     The loan with Lehman was a residential mortgage loan as described by TILA, 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

15.     Defendant Lehman failed to deliver all "material" disclosures required by TILA for reasons including but not limited to failing to provide a Truth in Lending disclosure at closing which accurately disclosed the loan's finance charge as required by 15 U.S.C. §1635(i):

| Finance Charge | Description |
|---|---|
| 1535.63 | Loan orig. fee |
| 465 | Lender's administrative fee |
| 219.38 | Loan discount fee |
| 15 | Flood monitor |
| 375 | Application fee |
| 378.65 | interest |
| 250 | Settlement fee |
| 346.85 | Title premium upcharge (failure to give TIRBOP refinance discounts) |
| 10 | Notary fee upcharge ($5 per notarization under Pa. state law) |
| 75 | Processing fee, not permitted under TIRBOP 2.3, 3.4 |
| 125 | Doc prep, not bona fide |
| 90 | Tax Search |
| 4.95 | MERS Registration |
| 72 | Tax service fee |
| 1755 | Mortgage broker fee |
| 8.65 | Credit report |
| 30 | Wire Fee |
|  |  |
|  | Total |
|  |  |
| 5756.11 |  |
| -5476.98 | TILA disclosed finance charge |
| **279.13** | **Under-disclosure > tolerance permitted by 15 USC §1635(i)** |

16.     To the extent that Lehman transferred its interest in the loan to defendant Aurora, 15 U.S.C. § 1641(c) renders defendant Aurora liable for complying with rescission remedies available to plaintiffs.

17. As a result of the violations of TILA, pursuant to 15 U.S.C. §§1635(i) and §1640, Defendants are liable to Plaintiffs for damages of:

   a) rescission of this transaction, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed by Defendant;

   b) termination of any security interest in Plaintiffs' property created under the transaction;

   c) return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

   d) statutory damages of $2,000 for failure to rescind pursuant to the requirements of 15 U.S.C. §1635(b);

   e) actual damages in an amount to be determined at trial;

   f) an award of reasonable attorney's fees and costs.

Respectfully submitted,

Dated: July 1, 2008

_/s/  Stephen G. Doherty____
Stephen G. Doherty, Esquire
Attorney for Plaintiff